FILED

2008 AUG -1 AM 11: 02

CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

BY ____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 2374

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. Miriam ENRIQUEZ-Velazquez

2. Mireya Dolores ENRIQUEZ-Velazquez

Defendant(s)

Magistrate Case No.

COMPLAINT FOR VIOLATION OF:

Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)
Transportation of Illegal Aliens

The undersigned complainant, being duly sworn, states:

On or about July 31, 2008, within the Southern District of California, **Defendant Mireya Dolores ENRIQUEZ-Velazquez, and Defendant Miriam ENRIQUEZ-Velazquez**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **F. H. A and S. H. A.**, had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

JAVIER ENRIQUEZ
Special Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 1st DAY OF August, **2008.**

JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

July 31, 2008

DEK

# STATEMENT OF FACTS

Further, the complainant states that **Socorro AGUILAR-Moreno and Maximino HERNANDEZ- De La Cruz** (parents of F.H.A. and S.H.A) are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial thereof by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code Section 3144.

I declare under penalty of perjury, the following is true and correct:

On July 31st, 2008, Immigration and Customs Enforcement (ICE) Special Agents responded to the San Ysidro Port of Entry to investigate a smuggling case involving two children being held by the smuggling organization. ICE agents interviewed the children's parents, identified as Socorro AGUILAR-Moreno and Maximino HERNANDEZ- De La Cruz. AGUILAR and HERNANDEZ provided the following information concerning the smuggling event and their children:

AGUILAR and HERNANDEZ made arrangements to be smuggled with their two children into the United States with an alien smuggling organization in Tijuana, Baja California, Mexico. AGUILAR and HERNANDEZ stated that the agreement they made with the smuggling organization lead AGUILAR and HERNANDEZ to believe that they, along with their children would be smuggled into the United States through the San Ysidro Port of Entry. AGUILAR and HERNANDEZ stated that after agreeing to the smuggling terms, the organization separated AGUILAR and HERNANDEZ from their children. According to AGUILAR and HERNANDEZ the organization said that the children would be smuggled into the United States with another person with the aid of fraudulent birth certificates. Sometime after separating from the children, AGUILAR and HERNANDEZ were taken to the United States / Mexico international border near Imperial Beach, California. AGUILAR and HERNANDEZ stated that the smuggling organization attempted on two occasions to smuggle AGUILAR and HERNANDEZ into the United States. After being arrested by the United States Border Patrol on both occasions, AGUILAR and HERNANDEZ decided that they no longer wished to enter the United States.

AGUILAR and HERNANDEZ contacted the smuggling organization and requested their children be returned to them. The smuggling organization told AGUILAR and HERNANDEZ that their children had already been smuggled into the United States. The organization further told AGUILAR and HERNANDEZ that if they wished to have their children returned they must pay the smuggling fee plus expenses that were incurred while caring for the children, which totaled $7,000.00 USD. AGUILAR and HERNANDEZ explained to the smuggling organization that they did not have the amount of money the organization requested. The organization told AGUILAR and HERNANDEZ that if they did not pay the money, there were others that would. AGUILAR and HERNANDEZ subsequently contacted law enforcement officials in both the United States and Mexico.

AGUILAR and HERNANDEZ provided ICE agents with the telephone number used to contact the smuggling organization. AGUILAR advised that she had been primarily conversing with a female identified as "Altagracia." On July 31st, 2008, an ICE agent contacted the smuggling organization in regards to the two children being held. The ICE agent informed the person answering the phone call, identified only as "Altagracia," that she was the children's aunt. The ICE agent further explained to "Altagracia" that she was in possession of the money the organization required to secure the release of the two children. "Altagracia" provided the ICE agent with a telephone number for "Mireya." The telephone number, which was a United States based telephone number, was found to belong to Fermin Vergara of San Diego, California. A review of records related to Fermin Vergara revealed VERGARA's spouse to be Mireya Dolores ENRIQUEZ-Velazquez.

The ICE agent posing as a family member of the children contacted "Mireya" at the number provided. "Mireya" told the ICE agent that she was willing to meet to exchange the children for the sum of $6,200.00 USD. The ICE agent agreed to meet and exchange the sum of $6,200.00 USD for the two children previously smuggled into the United States.

On July 31st, 2008, ICE agents acquired a hotel room at the Best Western Hotel located at 710 E Street in Chula Vista, California. The ICE agent posing as a family member informed "Mireya" of the hotel's location and requested to conduct the exchange as soon as possible. "Mireya" stated that she was approximately twenty-five minutes from the hotel. "Mireya" also advised the ICE agent that she would meet the ICE agent in the hotel's lobby with one of the children. "Mireya" added that once the ICE agent gave her the money, "Mireya" would release the second child. The ICE agent posing as the children's family member agreed to the terms.

At approximately 11:30 pm, on July 31st, 2008, ICE agents observed a 2001 Jaguar sedan enter the Best Western parking lot. ICE agents conducting surveillance of the anticipated exchange observed that as the Jaguar entered the parking lot, the driver slowed in front of the hotel's lobby and the front seat passengers observed the lobby area. Agents then observed the Jaguar park near the lobby entrance and a female exited the vehicle with an infant child in her arms and a small child walking along side of her. Agents suspected that the children were those being held by "Mireya." ICE agents approached the Jaguar, whose driver remained in the driver's seat, and identified themselves as federal agents. Agents asked the driver what her name was, to which she replied "Mireya." Agents also observed a child in the rear of the vehicle lying down. Simultaneously, agents entered the hotel lobby where the passenger carrying the infant child was observed entering. ICE agents encountered defendant ENRIQUEZ, Miriam and immediately identified themselves as federal agents. Defendant ENRIQUEZ, Miriam identified herself to agents and claimed that the infant was a relative. However, the young child accompanying Defendant ENRIQUEZ, Miriam and the infant, who was later determined to be Defendant ENRIQUEZ, Miriam's niece stated that Defendant ENRIQUEZ, Miriam was not the child's relative. Upon confirming the actual identity of the two children as being that of the two children being held by the smuggling organization, both Defendant ENRIQUEZ, Miriam and Defendant ENRIQUEZ, Mireya were placed under arrest for violation of Title 8, United States Code, Section 1324 (a)(1)(A)(ii) – Alien Smuggling (Transportation).

DEFENDANT STATEMENT (Miriam ENRIQUEZ-Velazquez):

On August 1, 2008, Defendant ENRIQUEZ, Miriam provided a post-arrest statement while at the San Ysidro Port of Entry. Defendant ENRIQUEZ, Miriam admitted that on July 31st, 2008, she knowingly, in violation of law, transported two children, whom she knew to be unlawfully in the United States; to the person she believed to be the children's aunt. Defendant ENRIQUEZ, Miriam further admitted that in exchange for transporting the two children, she was to be paid $200.00. Defendant ENRIQUEZ, Miriam added that she has unlawfully smuggled and/or transported children on approximately six previous occasions. Defendant ENRIQUEZ, Miriam stated that she was instructed to collect a total of $6,200.00 from the person she believed to be the children's aunt, in exchange for the two children. Defendant ENRIQUEZ, Miriam added that she was also told to pay Defendant ENRIQUEZ, Mireya the sum of $300.00 for caring for the children after they were smuggled into the United States. Lastly, Defendant ENRIQUEZ, Miriam stated that when she smuggles children across the U.S. / Mexico international border she is paid $600.00; however, when she transports smuggled children from San Diego, California to Los Angeles, California, she is paid $250.00.

DEFENDANT STATEMENT (Mireya Dolores ENRIQUEZ-Velazquez):

On August 1, 2008, Defendant Mireya Dolores ENRIQUEZ-Velazquez provided a post-arrest statement while at the San Ysidro Port of Entry. Defendant ENRIQUEZ, Mireya stated that her mother, identified as "Altagracia" contacted her earlier in the week concerning a relative. Defendant ENRIQUEZ, Mireya stated that "Altagracia" told her that some family relatives were in Mexico and had attempted to entered the United States; however, they were unsuccessful. Defendant ENRIQUEZ, Mireya added that "Altagracia" told her that the family member's children were already smuggled into the United States. "Altagracia" then requested Defendant ENRIQUEZ, Mireya pick up the children from the smuggler and care for them until their relatives arrive. Defendant ENRIQUEZ, Mireya stated that she picked up the children as requested by her mother, "Altagracia." Defendant ENRIQUEZ, Mireya then stated that co-defendant Miriam ENRIQUEZ-Velazquez came to her house and informed her that they were going to take the children to meet with other family relatives, not related to the relatives known to be in Mexico. Defendant ENRIQUEZ, Mireya provided a telephone number for "Altagracia," that upon review was found to be the same number as provided by material witness AGUILAR for the alien smuggler in Mexico.

MATERIAL WITNESS STATEMENT (Socorro AGUILAR-Moreno):

On July 31st, 2008, Material Witness Socorro AGUILAR-Moreno provided the following information while at the San Ysidro Port of Entry. AGUILAR stated that she and her husband made arrangements with a woman identified only as "Altagracia," to smuggle her family, consisting of herself, her husband and her two children, into the United States. AGUILAR stated that she and her family agreed to pay $2,500.00 USD per adult and $1,600.00 per child to be smuggled into the United States. AGUILAR stated that the smuggling organization separated her from her children and subsequently smuggled her children into the United States through the San Ysidro Port of Entry. After failing to successfully enter the United States on two occasions with the smuggling organization, AGUILAR and her husband sought to re-acquire their children and return to their home. The organization however refused to return the children and demanded that AGUILAR pay $7,000.00 USD for the smuggling of the two children and the expenses incurred as a result of holding them for a period of time. AGUILAR stated that she explained to "Altagracia" that she could not pay such a high amount. "Altagracia" in turn, told AGUILAR that if she did not pay it, someone else would.

MATERIAL WITNESS STATEMENT (Maximino HERNANDEZ- De La Cruz):

On July 31st, 2008, Material Witness Maximino HERNANDEZ – De La Cruz provided the following information while at the San Ysidro Port of Entry. HERNANDEZ stated that he and his wife, identified as Socorro AGUILAR-Moreno, made arrangements with a smuggling organization in Tijuana, Mexico, to be smuggled, along with their two children, into the United States. HERNANDEZ stated that their children were smuggled into the United States through the San Ysidro Port of Entry; however, the organization attempted to smuggle HERNANDEZ and his wife through the hills surrounding the port of entry area. HERNANDEZ stated that he and his wife were caught twice by the United States Border Patrol and subsequently decided to return to their home. HERNANDEZ stated that when they requested their children back from the smuggler, the smuggling organization demanded that HERNANDEZ and his wife pay the sum of $7,000.00 USD. HERNANDEZ and his wife explained that they could not pay such an amount. HERNANDEZ and his wife then sought the assistance of the Mexican authorities in locating their children.